IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>ANTHONY JAMES DEASON,<br><br>*Defendant*. | Case No. CR-24-45-JFH |

### GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW, the United States of America, by and through United States Attorney Christopher J. Wilson and Assistant United States Attorney Sarah McAmis, and respectfully submits this Sentencing Memorandum. The United States respectfully requests that this Court impose a sentence of 60 months because such a sentence is sufficient but not greater than necessary to achieve the aims of sentencing.

### STATEMENT OF THE CASE

On January 9, 2024, the Defendant was charged in a three count Indictment with two counts of Attempted Sexual Exploitation of a Child/Use of a Child to Produce a Visual Depiction and one count of Transfer of Obscene Material to Minors. (Doc. 3). The parties negotiated a Plea Agreement pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) (Doc. 49) and on December 10, 2024, the United States filed a one count Information charging the Defendant with Attempted Receipt of Certain Material Involving the Sexual Exploitation of a Minor. (Doc. 44). The Defendant pled guilty to that count on December 11, 2024. (Doc. 47).

In the Presentence Report, the Defendant was assessed a total offense level of 21, a criminal history category of I, and a guideline imprisonment range of 37 to 46 months. (Doc. 57). However, the statutorily required minimum term of imprisonment is five years; therefore, the guideline term

of imprisonment was assessed at 60 months. (Doc. 57). The Government asserts that a sentence of 60 months is appropriate given the facts and circumstances of the case and the good faith of the parties.

## ARGUMENT AND AUTHORITIES

The goal of sentencing is to achieve a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." 18 U.S.C. § 3553(a). In doing so, the Court must account for a variety of factors specific to the particular defendant and particular case. The framework for determining an appropriate sentence is set forth in § 3553(a). In particular, § 3553(a) requires that the court ensure the sentence imposed properly considers, among other factors: (1) the nature and circumstance of the offense; (2) the history and characteristics of the defendant; (3) the need to reflect the seriousness of the offense, to promote respect for the law, and provide just punishment for the offense; (4) the need to afford adequate deterrence; (5) the need to protect the public from further crimes of the defendant; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to the victims of the offense. In making this determination "[a] court is not precluded from considering information that the guidelines do not take into account in determining a sentence within the guideline range." U.S.S.G. §1B1.4, cmt.

The Defendant used his position as a teacher and coach to make contact with two minor victims. The Defendant reached out to each victim on social media, requested nude images of each, and then found each girl in person after neither complied. The Defendant also recorded himself masturbating and sent the recording to one of the girls. When one of the girls reported the conduct, the Defendant denied having the social media account and complained that the young girl was "living her normal life" while he was "getting blasted". It was only after law enforcement discovered proof of the Defendant's crimes, that the Defendant confessed to his friend that he had

"to come clean" and that he had "fucked up". The Defendant then resigned from his job at the school.

In his Sentencing Memorandum, the Defendant asserts that he should be sentenced at the low end of the guideline range. The Defendant also provided letters of support from friends and family members. The Government took all of the Defendant's assertions into account when it agreed to file an Information, let the Defendant enter a plea of guilty to one count as alleged in the Information, and to dismiss the remaining counts contained in the Indictment. The Government respectfully submits that the sentencing guidelines envisioned by the Plea Agreement take into consideration the severity of the Defendant's conduct, while also taking into consideration his lack of criminal history, acceptance of responsibility, and the fact that the Victims will not have to be further traumatized by proceeding to a trial which would require their testimony. As such, the Government asserts that a guideline sentence of 60 months is "sufficient, but not greater than necessary" to achieve the aims of sentencing as it relates to this Defendant.

## CONCLUSION

Based on the § 3553(a) factors addressed above, the Defendant should be sentenced to a guideline sentence of 60 months, as such a sentence would be sufficient but not greater than necessary given all of facts and circumstances surrounding this case.

                          Respectfully submitted,

                          CHRISTOPHER J. WILSON
                          United States Attorney

s/     Sarah McAmis
       SARAH McAMIS, OBA # 15903
       Assistant United States Attorney
       520 Denison Avenue
       Muskogee, Oklahoma 74401
       Telephone: (918) 684-5100
       sarah.mcamis@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 15th day of May, 2025, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant:

    Rex Earl Starr, Counsel for Defendant

                                          s/     Sarah McAmis
                                                   SARAH McAMIS
                                                   Assistant United States Attorney